# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

THE ALI ARKAN EL SIBLANI TRUST

    Plaintiff

vs.

JAMKIN CONSULTING, INC. D/B/A TRUTH LOUNGE, REGINALD SAPP AND RUPERT GRANT

    Defendants

_____/

Case No:
Hon.

JAMES P. ALLEN, Sr.
Schenk & Bruetsch PLC
Attorneys for Plaintiff
211 W. Fort St.
Suite 1410
Detroit, MI 48226
313-774-1000 // Fax 313-774-1717
James.allen@sbdetroit.com

## COMPLAINT

Plaintiff Ali Arkan El Siblani Trust ("Siblani"), through its attorneys, Schenk & Bruetsch, PLC, by James P. Allen, Sr. allege as follows

### I. NATURE OF PLAINTIFF'S CLAIMS

1. This is an action by Plaintiff to recover money paid to Defendants as a loan secured by a personal Guaranty executed by individual defendants Rupert Grant and Reginald Sapp. The promissory note memorializing the loan has specific payment

requirements that Defendants have not honored after having been given notices of default.

2.  On or about February 15, 2023, Defendant Jamkin borrowed $300,000 dollars from Siblani. Defendants Rupert Grant ("Grant") and Reginald Sapp ("Sapp") both owner/managers of Jamkin personally guaranteed their company's debt.

3.  Almost from the beginning, Defendants failed to honor their various payment obligations to Siblani.

## II.  PARTIES

4.  Plaintiff realleges the allegations set forth in paragraphs 1-3 as if fully set forth herein.

5.  Plaintiff is a trust formed on behalf of Michigan resident Ali Siblani.

6.  Defendant Jamkin Inc., is a Georgia corporation that borrowed $300,000 from Plaintiff on February 15, 2023.

7.  Defendant Sapp is a resident of Georgia and a principal of Jamkin, Inc.

8.  Defendant Grant is a resident of California and a principal of Jamkin, Inc.

## III.   JURISDICTION AND VENUE

9.  Plaintiff realleges the allegations set forth in paragraphs 1-8 as if fully set forth herein.

10. Each of the Defendants is diverse to Michigan Plaintiff Siblani. The amount in controversy exceeds $75,000. Jurisdiction is appropriate pursuant to 28 U.S.C. 1332.

11. The terms of the promissory note at issue were negotiated entirely in the City of Detroit in the Eastern District of Michigan and provide that Michigan law applies to this dispute and that the Defendants will submit to the personal jurisdiction of the federal and/or state courts of the State of Michigan.

12. It follows that Defendants have purposely availed themselves of the privilege of conducting business within this state and district, have established sufficient contacts with this district such that they should reasonably and fairly anticipate being hauled into court in this district and have purposefully directed activities at a resident of this district by soliciting a loan from him and others residing in this district. Venue is, therefore, appropriate pursuant to 28 U.S.C. 1391.

### IV. COMMON FACTS

13. Plaintiff realleges the allegations set forth in paragraphs 1-12 as if fully set forth herein.

14. On or about February 15, 2023, Defendants executed a promissory note for $300,000. The promissory note is attached hereto as Exhibit 1.

15. Simultaneously, Defendants Sapp and Grant "absolutely and unconditionally guaranteed full and prompt payment" of the promissory note. The guaranty is attached hereto as Exhibit 2.

16. Throughout the first year of the 2-year term, Defendants failed to honor the terms of the promissory note by, among other things, making late payments of amounts due and owing.

17. Payments have, in some instances, been delayed several months. Currently, the note is two months overdue.

## COUNT I: BREACH OF CONTRACT

18. Plaintiff realleges the allegations in paragraphs 1-17 as if fully set forth herein.

19. Defendants executed a promissory note and other security documents, including but not limited to personal guarantees.

20. In reliance upon Defendants' actions as set forth above, Siblani disbursed the loan proceeds to Defendant Jam Kin $300,000.

21. In exchange and in consideration for the loan proceeds Defendants promised to repay Siblani with interest as set forth in attached Exhibit 1.

22. Defendants have breached their repayment obligations on several occasions. Payments have been chronically late and irregular.

23.   Siblani has provided notices of default, the latest of which is attached hereto as Exhibit 3.

24.   Upon an event of default, Siblani has the option to declare the entire amount of the Defendants' indebtedness due and immediately owing.

25.   Defendants' failure to honor their contractual obligations has damaged Siblani in an amount equal to the current unpaid loan balance of $300,000 and unpaid interest in the amount of $75,000[1] for a total indebtedness of $375,000.

## JURY DEMAND

26.   Plaintiff demands a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

   a.   A judgment in favor of Plaintiff and against Defendants for the amount of damages proven at trial;

   b.   A judgment in favor of Plaintiff and against Defendants awarding Plaintiff the costs, attorney's fees, and reasonable expenses of litigation to the fullest extent permitted by law.

---

[1] Thirteen outstanding monthly payments of $3,000 plus an anticipated "exit fee" of $36,000.

    c.    A judgment in favor of Plaintiff and against Defendants allowing Plaintiff to immediately recover assets pledged as security for Plaintiff's loan proceeds.

    d.    Appointment of receiver to ensure that Defendants do not dissipate corporate and personal assets and place them beyond the Plaintiff's ability to collect them.

    e.    A preliminary injunction to prevent Defendants from transferring assets in avoidance of any judgment that enters in this case.

    f.    Such other relief as this Honorable Court deems just and proper.

Respectfully submitted,

Schenk & Bruetsch, PLC

/s/ James P. Allen, Sr.
James P. Allen, Sr. P52885
Attorneys for Plaintiff
211 W. Fort St.
Ste 1410
Detroit, MI 48226
313-774-1000

Dated: June 5, 2024