UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Ali Arkan El Siblani Trust,

           Plaintiff,      Case No. 24-cv-11481

v.                               Judith E. Levy
                               United States District Judge

Jamkin Consulting, Inc., *et al.*,

                               Mag. Judge Anthony P. Patti

           Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ALTERNATIVE SERVICE
OF SUBPOENA ON NON-PARTY NINA SAPP [25]**

Before the Court is Plaintiff The Ali Arkan El Siblani Trust's motion for alternative service of a subpoena on non-party Nina Sapp.[1] (ECF No. 25.) Defendants Jamkin Consulting, Inc., Reginald Sapp, and Rupert Grant have not responded to the motion, and the time for them to do so has elapsed. For the reasons set forth below, Plaintiff's motion is GRANTED.

---

[1] Nina Sapp is apparently the wife of Defendant Reginald Sapp. (ECF No. 25, PageID.151; ECF No. 25-5, PageID.170.)

I. Background

Plaintiff brought this action "to recover money paid to Defendants as a loan secured by a personal Guaranty executed by individual defendants Rupert Grant and Reginald Sapp." (ECF No. 16, PageID.95.) Plaintiff asserted claims against Defendants of breach of contract and fraud. (*Id.* at PageID.100–102.) On July 11, 2025, the Court entered a stipulated consent judgment "in favor of Plaintiff and against Defendants, jointly and severally, in the total amount of Three Hundred and Seventy Five Thousand Dollars and Zero cents ($375,000.00)." (ECF No. 24, PageID.146.)

In its motion, Plaintiff seeks permission to use alternative means to serve on Nina Sapp a subpoena "commanding her presence at a deposition and ordering production of documents relevant to collection of the consent judgment in this case." (ECF No. 25, PageID.152.) Plaintiff wishes to serve Nina Sapp "by posting the subpoena at her residence and mailing a copy to the same address." (*Id.* at PageID.159.)

Plaintiff's process server, Max Garbarino, states under penalty of perjury that between August 18, 2025 and October 1, 2025, "[s]ervice of process was attempted upon Nina Sapp more than fifteen times" at her

2

residence at 325 Rivard Blvd., Grosse Pointe, MI 48230 and/or her place of employment at 5200 Woodward Ave., Detroit, MI 48202. (ECF No. 25-2, PageID.164; ECF No. 25-5, PageID.170; *see* ECF No. 25, PageID.150–151.) Service was attempted "at multiple times throughout the day and on different days of the week."[2] (ECF No. 25-5, PageID.171.) Garbarino indicates that "[o]n multiple occasions, it appeared from voices inside that the home was occupied but that the occupants were ignoring [the] efforts to effectuate service." (*Id.*) Garbarino states that the service "attempts were evaded and interfered with by Nina Sapp and her husband, Reggie Sapp, in the following ways": (1) "[p]rocess servers were menaced by Defendant Reggie Sapp who advised them that he had every intention of thwarting efforts to have his wife served with process," (2) "[p]olice were called to remove process servers from Nina and Reggie Sapp's porch," and (3) "[w]hile

---

[2] A proof of service form signed by Garbarino under penalty of perjury indicates that he tried to serve Nina Sapp at the addresses referenced above on August 18, 2025 at 6:45 p.m.; August 19, 2025 at 1:18 p.m. and 7:43 p.m.; August 22, 2025 at 7:35 a.m.; August 23, 2025 from 8:00 a.m. to 12:00 p.m.; August 25, 2025 from 6:30 a.m. until around 9:30 a.m.; September 14, 2025 at 3:56 p.m.; September 16, 2025 at 7:15 a.m.; September 17, 2025 at 10:47 a.m.; September 18, 2025 from 6:30 a.m. to 10:30 a.m.; September 20, 2025 at 11:05 a.m. and 6:54 p.m.; September 21, 2025 at 8:14 p.m.; September 29, 2025 from 6:00 a.m. to 9:00 a.m.; September 30, 2025 from 5:45 a.m. to 8:30 a.m.; and October 1, 2025 from 7:30 a.m. to 9:30 a.m. (ECF No. 25-2, PageID.164.)

trying these multiple service of process attempts, including a mock flower delivery, security at Nina Sapp's building would not call her to come to the security desk." (*Id.* at PageID.170; *see* ECF Nos. 25-3, 25-4.)

## II. Legal Standard

Federal Rule of Civil Procedure 69(a)(2) states that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Discovery may therefore be obtained under Rule 69(a)(2) through a subpoena issued under Federal Rule of Civil Procedure 45. *See Hardy Indus. Techs., LLC v. BJB LLC*, No. 1:12 CV 3097, 2017 WL 6416262, at *2 (N.D. Ohio Dec. 15, 2017) ("Federal Rule of Civil Procedure 69(a)(2) permits a judgment creditor to obtain discovery in aid of the judgment or execution from 'any person' as provided in the Federal Rules, including through a subpoena issued under Rule 45.").

Regarding service of a subpoena, Rule 45(b)(1) provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena." Fed. R. Civ. P. 45(b)(1). "Serving a subpoena requires

4

delivering a copy to the named person." *Id.* Courts are divided on whether Rule 45 requires personal service upon the named individual. *See Monson v. Ghougoian*, No. 18-10638, 2019 WL 2464499, at *1 (E.D. Mich. June 13, 2019); *Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753–54 (E.D. Mich. 2011) (collecting cases).

In this district, courts have repeatedly held that Rule 45 also permits service by alternate means. *See Asian Food Serv., Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 18-13454, 2020 WL 230134, at *1 (E.D. Mich. Jan. 15, 2020) (collecting cases). "However, the party seeking to serve a subpoena by alternate means must first 'demonstrate[ ] an inability to effectuate [personal] service after a diligent effort.' Moreover, '[t]he alternate means must be reasonably calculated to achieve actual delivery.'" *Id.* (alterations in original) (quoting *Oceanfirst Bank*, 794 F. Supp. 2d at 754).

### III. Analysis

In this case, Plaintiff shows an inability to personally serve Nina Sapp "after a diligent effort." *Id.* Garbarino made more than fifteen attempts at personal service by going to Nina Sapp's residence and/or place of employment between August 18, 2025 and October 1, 2025.

5

(ECF No. 25-2, PageID.164; ECF No. 25-5, PageID.170–171.) *See supra* note 2. The service attempts were "at multiple times throughout the day and on different days of the week." (ECF No. 25-5, PageID.171.) Garbarino indicates that "[o]n multiple occasions, it appeared from voices inside that the home was occupied but that the occupants were ignoring [the] efforts to effectuate service." (*Id.*) Garbarino asserts that Nina and Reginald Sapp "evaded and interfered with" the service attempts in various ways. (*Id.* at PageID.170; *see* ECF Nos. 25-3, 25-4.)

Plaintiff also shows that the proposed "alternate means" are "reasonably calculated to achieve actual delivery." *Asian Food Serv., Inc.*, 2020 WL 230134, at *1. This court has stated that "[m]ailing by first-class mail to the actual address of the intended recipient generally will suffice, *see Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 799 . . . (1983), especially when the mailing is accompanied by posting at the known address of the prospective witness," *OceanFirst Bank*, 794 F. Supp. 2d at 754. Plaintiff states that its proposed method for effectuating alternative service—mailing the subpoena to Nina Sapp's residence and posting the subpoena at the same address—"targets a

6

location where Nina Sapp is known to reside." (ECF No. 25, PageID.159.)

Because Plaintiff shows that it has been unable "to effectuate [personal] service after a diligent effort" and that the proposed methods of alternate service are "reasonably calculated to achieve actual delivery," *Asian Food Serv., Inc.*, 2020 WL 230134, at *1, Plaintiff's motion is granted. Plaintiff may serve a subpoena on Nina Sapp by sending the subpoena through first-class mail to her residential address (325 Rivard Blvd., Grosse Pointe, MI 48230) and by posting the subpoena at that address.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion for alternative service of a subpoena on Nina Sapp (ECF No. 25) is GRANTED.

IT IS SO ORDERED.

Dated: November 4, 2025  s/Judith E. Levy
    Ann Arbor, Michigan  JUDITH E. LEVY
      United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

7